IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORI LORENCHICK,              )
                              ) No. 19-499
    Plaintiff,                )

    v.

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM ORDER**

In this matter, Plaintiff appeals Defendant's denial of her claim for disability insurance benefits and social security income. Plaintiff, inter alia, argues that the Administrative Law Judge ("ALJ") that issued the unfavorable decision on May 2, 2018 was an unconstitutionally appointed officer, pursuant to Lucia v. S.E.C., 138 S. Ct. 2044 (2018).[1]  The matter was stayed pending the Court of Appeals' decision in several cases, including Cirko v. Berryhill, 948 F. 3d 148 (3d Cir. 2020).  The stay was continued pending the exhaustion of pertinent appellate proceedings. Presently, Defendant has filed a Status Report, stating that it will not seek Supreme Court review of Cirko, and disavowing an argument that Cirko is inapplicable here.  In addition, Plaintiff has filed a Motion to lift the stay.

The stay will be lifted, and this matter remanded. In Lucia, the Supreme Court held that ALJs of the Securities and Echange Commission must be appointed by the President, a court of law, or the Department head.  Lucia, 138 S. Ct. at 2053.  In Cirko, our Court of Appeals determined that a Social Security claimant is not required to exhaust her administrative remedies

---

[1] Following Lucia, on July 16, 2018, the Acting Commissioner of Social Security appointed Defendant's ALJs in accordance with the Appointments Clause, United States Constitution Art. II, § 2, cl. 2.  This action had no retroactive effect.  Flynn v. Saul, No. 19-0058, 2020 U.S. Dist. LEXIS 16426, at *5 (E.D. Pa. Jan. 30, 2020).

1

before raising an appointments clause issue with the District Court. <u>Cirko</u>, 948 F. 3d at 152, 155. Pursuant to <u>Lucia</u> and <u>Cirko</u>, the Court concludes that Plaintiff is entitled to have her claim adjudicated by a constitutionally appointed ALJ other than the ALJ who presided over the first hearing.  <u>See</u> <u>id.</u> at 159-60; <u>Bauer v. Saul</u>, No. 19-2563, 2020 U.S. Dist. LEXIS 72011, at *4 (E.D. Pa. Apr. 23, 2020).  I need not address the remainder of Plaintiff's contentions, as the hearing on remand will be conducted <u>de novo</u>. <u>See</u>, <u>e.g.</u>, <u>Bauer</u>, 2020 U.S. Dist. LEXIS 72011, at *4.

    Therefore, Plaintiff's Motion to Lift Stay is GRANTED.  Plaintiff's Motion for Summary Judgment is likewise GRANTED, and Defendant's DENIED. This matter is remanded for a new hearing before a constitutionally appointed ALJ other than ALJ Bareford.  AND NOW, this 28th day of May, 2020, IT IS SO ORDERED.

                                                   BY THE COURT:

                                                   */s/ Donetta W. Ambrose*

                                                   _____

                                                   Donetta W. Ambrose
                                                   Senior Judge, U.S. District Court